Requestor: Hon. Henry J. Bauman, Counsel Office of Chief Inspector United States Postal Service, Room 3100 475 L'Enfant Plaza SW Washington, DC 20260-2100
Written by: G. Oliver Koppell, Attorney General
You have requested an opinion of the Attorney General concerning the powers of United States postal police officers employed in the State of New York. You have indicated that these officers derive their Federal authority under 40 U.S.C. § 318 which empowers them to perform certain law enforcement and security functions on United States postal service controlled property. They enforce postal service rules and regulations; enforce all laws, including local ordinances, enacted for the protection of persons and property; prevent breaches of the peace; and control unlawful assemblies.
In 1982 (L 1982, ch 474), the New York State Legislature enacted section2.15 of the Criminal Procedure Law which granted designated Federal officers, including postal police officers, specific peace officer powers. You have asked whether postal police officers, through section 2.15 of the Criminal Procedure Law, are authorized to purchase and own firearms for personal off-duty use or to carry concealed, without obtaining a license under section 400.00 of the New York State Penal Law. If a postal police officer is required to obtain a license in order to possess a firearm when off duty, you inquire whether he is entitled to a "full carry permit" as described in section400.00 of the Penal Law. Finally, you have inquired as to the penalty for unlawful possession of a firearm.
You have informed us that postal police officers are authorized to carry an Inspection Service issued firearm only while on duty and are issued a Federal firearms permit for this purpose. They are not given custody of this weapon when off duty.
Sections 265.01, et seq. of the Penal Law establish various degrees of penalties for possession of a firearm. (Section 265.01, criminal possession of a weapon in the fourth degree — class A misdemeanor; section 265.02, criminal possession of a weapon in the third degree — class D felony; section 265.03, criminal possession of a weapon in the second degree — class C felony.) The Penal Law establishes exemptions from these provisions for delineated persons and officers such as police officers and peace officers and including "[p]ersons in the military or other service of the United States, in pursuit of official duty or when duly authorized by federal law, regulation or order to possess the same." Penal Law § 265.20(a)(1)(d). The scope of the above-quoted exemption for Federal employees and officers is limited to when they are pursuing their official duties or when duly authorized by Federal law, regulation or order. You have indicated that United States postal police officers are authorized only to carry Inspection Service issued firearms while on duty and as permitted by a Federal firearms permit. Off duty use of this weapon is prohibited. Thus, under the above-quoted portion of section 265.20 of the Penal Law, the scope of the exemption from State crimes for unlawful possession of firearms for United States postal service police officers is limited to those times when the officer carries his issued firearm while on duty in accordance with the Federal firearms permit.
You have inquired, however, whether section 2.15 of the Criminal Procedure Law provides a broader exemption. Section 2.15 grants specific powers of peace officers to various Federal officers, including United States postal service police officers and inspectors. Criminal Procedure Law § 2.15(8). These Federal officers are authorized to make warrantless arrests for offenses when there is reasonable cause to believe that the offense was committed in the officer's presence; use physical and deadly physical force in making an arrest or in preventing an escape; carry out constitutionally permitted warrantless searches when making these arrests; and to take possession of a third person's firearms for lawful purposes. While this provision grants certain peace officer powers to these Federal officers, it "does not confer peace officer status as such". Practice Commentaries, Peter Preiser, McKinney's Criminal Procedure Law § 2.15 (main volume, 1992). The intention of this provision was to grant to designated Federal officers specified powers to enforce New York law and to extend those powers to locations beyond Federal property. Ibid. In the absence of this section, these officers would have no greater power than citizens with respect to offenses committed beyond Federal premises. Ibid.
In that postal police officers are not given the status of peace officers under section 2.15 of the Criminal Procedure Law, they do not fall within the exemptions from unlawful possession of firearms afforded peace officers by section 265.20 of the Penal Law. Nor does section 2.15 grant to postal police officers the specific authority to carry a firearm while off duty without a license. Like others, a postal police officer would have to make application for a license in accordance with section 400.00 of the Penal Law.
You have asked whether postal police officers would be entitled to a full carry license under section 400.00 of the Penal Law. As indicated above, possession of a firearm is a crime unless the individual is licensed or unless possession falls within a specific statutory exemption. Section 400.00(2) of the Penal Law lists the types of licenses which may be issued. The categories include gunsmith and dealer licenses (§ 400.00[2]); premises licenses which include a license to have and possess a pistol or a revolver by a householder in his dwelling or by a merchant or storekeeper in his place of business (§ 400.00[2][a] and [b]); employment licenses which are issued to persons to have and carry concealed while so employed in enumerated occupations or holding specific public offices (§ 400.00[2][c], [d] and [e]); carry licenses issued upon a showing of proper cause without regard to employment or place of possession (§ 400.00[2][f]); and antique firearm licenses to have, possess, collect and carry antique pistols (§ 400.00[2][g]). The determination whether to issue a firearms license is completely within the discretion of the licensing officer.[1] See, Matter of Fromson vNelson, 178 A.D.2d 479 (2d Dept 1991); Matter of Moore v Gallup,267 App. Div. 64 (3d Dept 1943), affd, 293 N.Y. 846 (1944). A firearms license is not a property right. Possession and use of a pistol is not a vested right but a privilege which can be granted by firearms licensing officers in their discretion. Matter of Moore, supra, at p 68. A license covers a specific firearm identified by serial number and firearms can only be added and deleted by an amendment of the license. Penal Law § 400.00(7), (9).
Thus, in order for a United States postal police officer to obtain a full carry license he must show proper cause as determined in the discretion of the licensing officer.
We conclude that United States postal police officers may not purchase and possess a firearm for off-duty use unless licensed in accordance with section 400.00 of the Penal Law. Licensing is completely within the discretion of the licensing officer.
[1] "`Licensing officer' means in the city of New York the police commissioner of that city; in the county of Nassau the commissioner of police of that county; in the county of Suffolk the sheriff of that county except in the towns of Babylon, Brookhaven, Huntington, Islip and Smithtown, the commissioner of police of that county; and elsewhere in the state a judge or justice of a court of record having his office in the county of issuance."